Environmental Court of Vermont
State of Vermont

**FILED**

JUL 1 2008

VERMONT
ENVIRONMENTAL COUR

================================================================
E N T R Y   R E G A R D I N G   M O T I O N
================================================================

Sheldrick Building Permit
Project:      Sheldrick Workshop/Garage
Applicant:    Donald & Heidi Sheldrick

Docket No. 185-9-07 Vtec

Municipal ZBA Appeal from ZA

Title: Motion for Reconsideration, No. 6
Filed:    June 10, 2008
Filed By: Paradis, Vincent A., Attorney for:
          Appellant Stuart M. Bennett
          Appellant Patti Naritomi

Response filed on 06/26/08 by Appellee Donald SheldrickAppellee Heidi Sheldrick
Opposition

___ Granted          ___ Denied          _X_ Other - denied in part, granted in part.

Appellants Stuart Bennett and Patti Naritomi recently moved for this Court to reconsider its Decision on Pending Motions for Summary Judgment, dated May 30, 2008 ("Decision"). In this motion, Appellants requested that the Court specifically resolve whether Appellants would be entitled to present evidence at trial relating to the use of the entire accessory structure to conduct a home occupation, whether the proposed home occupation is a customary use for the parties' neighborhood and whether the proposed home occupation use will have an undue adverse effect on the character of their neighborhood. Appellee-Applicants, Donald and Heidi Sheldrick, opposed the motion.

On the first point, Appellants contend that they should be entitled to present evidence that Applicants intend to use the entire accessory structure to conduct the home occupation use. As Appellee-Applicants do not dispute this fact, Appellants' request appears unnecessary. In essence, Appellants are seeking to submit evidence to prove an undisputed fact. Thus, the evidence on this issue may be stipulated and need not consume trial time. That aspect of Appellants' motion is therefore **DENIED**.

Appellants' implied suggestion that the applicable provisions of Zoning Regulations § 4.11(A)(1) prohibits home occupations that use more than a minor portion of an accessory structure is not supported by the plain wording of that Regulation. Following our canons of statutory construction,[1] the plain language of § 4.11(A)(1) reveals that a home occupation must occur within either a minor portion of the applicant's dwelling or within an accessory structure. Because the term "minor portion" is modifying only the term "dwelling structure," it does not limit the home occupation use of an accessory structure. This interpretation is supported by two additional facts that appear obvious to the Court: accessory structures intended for a home occupation use must be "clearly…subordinate to the principle structure,"[2] a disputed fact reserved for trial. Second, the interpretation Appellants put forth for § 4.11(A)(1) would require a residential use of a major portion of every accessory structure, a conclusion not yet witnessed by this Court. Thus, we conclude that Zoning Regulations § 4.11(A)(1) allows accessory structures to be wholly used for a home occupation.

---

[1] See James W. Murdoch and Alice Murdoch v. Town of Shelburne, 2007 VT 93, ¶ 5.

[2] Zoning Regulations §§ 3.6(A)(2); 10.2

On their second reconsideration point, Appellants contend that they should be entitled to present evidence that the proposed home occupation is not customary in residential areas in Vermont and that it will have an undue adverse effect upon the character of their neighborhood. In our May 30th Decision, we concluded as a matter of law that a workshop or garage structure is customarily incidental to residences in Vermont in general and this neighborhood in particular. We did not intend to restrict Appellants' ability to present evidence at trial to contradict Appellee-Applicants' assertions that their proposed use of the structure is within their neighborhood's character. In fact, that is the nature of the determinations that must be made under Zoning Regulations § 3.12. The distinction we drew in our Decision was that while the workshop structure is customary, the use of that structure is certainly a disputed fact to be decided at trial. Thus, Appellee-Applicants must show compliance with the performance standards of § 3.12 in order to demonstrate that their proposed home occupation use should be allowed. Appellants can necessarily present evidence to dispute Applicants' evidence concerning the character of their proposed home occupation use and its relation to their neighborhood.

_____
Thomas S. Durkin, Environmental Judge

_____July 1, 2008_____
Date

Date copies sent: **7·1·08** , ╌╌╌╌

Clerk's initials: _____

Copies sent to:

Vincent A. Paradis, Esq., attorney for Appellants Stuart M. Bennett and Patti Naritomi
Liam L. Murphy, Esq., attorney for Appellee-Applicants Donald and Heidi Sheldrick
John H. Klesch, Esq., attorney for the Town of Charlotte
Interested Person Annemarie Curlin